IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

**PHILIP MCFARLAND,**

    Plaintiff,

v.                                    Civil Action No. 2:12-7997

**WELLS FARGO BANK, N.A.,**
**U.S. BANK NATIONAL ASSOCIATION,**
**GREENTREE MORTGAGE CORPORATION, and**
**CHASE TITLE INC.,**

    Defendants.

### DEFENDANT WELLS FARGO BANK, N.A. AND U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association ("U.S. Bank") (collectively, "Defendants"), by counsel, hereby remove this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. In support thereof, Defendants state as follows:

**PARTIES**

1. Plaintiff Philip McFarland ("Plaintiff") alleges that he is a resident, and by extension, a citizen, of West Virginia. (Comp. ¶ 2).

2. Upon information and belief, Defendant Greentree Mortgage Corporation ("Greentree") is a Maryland Corporation, with a principal place of business in Maryland. (Comp. ¶ 3). Accordingly, Greentree does not have citizenship in West Virginia for purposes of determining diversity jurisdiction.

3. Upon information and belief, Defendant Chase Title, Inc. ("Chase Title") is a Maryland Corporation, with a principal place of business in Maryland. (Comp. ¶ 6). Accordingly, Chase Title does not have citizenship in West Virginia for purposes of determining diversity jurisdiction.

4. Defendant Wells Fargo is a federally chartered national bank with its principal office in Sioux Falls, South Dakota. Accordingly, Wells Fargo does not have citizenship in West Virginia for purposes of determining diversity jurisdiction.

5. Defendant U.S. Bank National Association is a national banking association with principal office in Cincinnati, Ohio. Accordingly, U.S. Bank does not have citizenship in West Virginia for purposes of determining diversity jurisdiction.

6. Upon information and belief, Greentree and Chase Title have not yet appeared in this matter, therefore, consent is necessary.

## JURISDICTION

7. Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

8. Defendants were served with the Complaint on or about October 24, 2012.

9. In the Complaint, Plaintiff seeks "[a]ppropriate equitable relief, including release of the deed of trust securing the loan" (Comp. pg. 9, subparagraph (d) of the "WHEREFORE" clause), which has "a principal balance of $181,800.00" (Comp. ¶ 25(a)).

10. Removal is therefore proper because 30 days have not passed since service of the Complaint in accordance with 28 U.S.C. § 1446(b)(3).

**FACTUAL AND PROCEDURAL BACKGROUND**

11. On October 19, 2012 Plaintiff brought a civil action against Defendants in the Circuit Court of Kanawha County, West Virginia, styled *Philip McFarland v. Wells Fargo Bank, N.A., U.S. Bank National Association, Greentree Mortgage Corporation, and Chase Title Inc.*, Case No. 12-C-2121. A copy of the State Court Docket Report and Plaintiff's Complaint are attached respectively as **Exhibit A** and **Exhibit B**.

12. Plaintiff alleges five (5) counts against the Defendants in the Complaint. They are as follows: Count I – Unconscionable Contract (First Mortgage) (All Defendants); Count II – Breach of Fiduciary Duty (Defendant Greentree); Count III – Joint Venture & Agency (All Defendants); Count IV – Illegal Fees (Defendants Wells Fargo and U.S. Bank); and Count V – Misrepresentations & Unconscionable Conduct in Debt Collection (Defendants Wells Fargo and U.S. Bank).

13. These five counts are based on the following facts:

14. On or about June 26, 2006, Plaintiff entered into an Adjustable Rate Note (the "Note") in the amount of $181,800 in favor of Wells Fargo Bank, N.A. The Note is secured by a Deed of Trust for the property commonly known as 65 Rare Dogwood Land, Hedgesville, West Virginia 25427 (the "Property") (collectively, the "Loan").

15. Plaintiff contends "the loan was induced by misrepresentations" (Comp. ¶ 41(b)) and seeks "release of the deed of trust securing the loan" (Comp. pg. 9, subparagraph (d) of the "WHEREFORE" clause), which has "a principal balance of $181,800.00" (Comp. ¶ 25(a)).

16. As a result of Defendants' alleged conduct, Plaintiff seeks to void the loan and recover actual damages, statutory damages, punitive damages, attorneys' fees and costs, and any additional relief the Court deems equitable and just. (Comp. ¶¶ 43, 48, 57, 60).

**DIVERSITY JURISDICTION EXISTS OVER PLAINTIFF'S CLAIMS**

17. This Court has original diversity jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441 and 1446(b)(3).

18. 28 U.S.C. § 1332 states that district courts have original jurisdiction over lawsuits where there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

19. As to the amount in controversy requirement, it is satisfied in the present case given the broad range of relief sought by Plaintiff and the nature of his allegations.

20. In the Complaint, Plaintiff seeks "[a]ppropriate equitable relief, including release of the deed of trust securing the loan" (Comp. pg. 9, subparagraph (d) of the "WHEREFORE" clause), which has "a principal balance of $181,800.00" (Comp. ¶ 25(a)).

21. As a result of Defendants' alleged conduct, Plaintiff seeks to void the loan and recover actual damages, statutory damages, punitive damages, attorneys' fees and costs, and any additional relief the Court deems equitable and just. (Comp. ¶¶ 43, 48, 57, 60).

22. Potential liability arising from Plaintiff's demand for release of the deed of trust ($181,800.00), as well as actual damages, statutory damages, punitive damages, attorneys' fees and costs, well exceeds the $75,000 jurisdictional minimum threshold.

23. In addition to satisfying the amount in controversy requirement, the parties are also completely diverse. Plaintiff is a citizen of West Virginia, and Defendants are not citizens of West Virginia. Therefore, the parties are completely divers for jurisdictional purposes.

24. Assuming for jurisdictional purposes only that Plaintiff's claims are valid, the Complaint could have originally filed in this Court under diversity jurisdiction. Removal of this case is, therefore, proper under 28 U.S.C. § 1441.

**VENUE**

25. Venue is proper in the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. §§ 1391 and 1441, because this district and division geographically includes the Circuit Court of Kanawha County, West Virginia.

**NOTICE**

26. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal is being filed contemporaneously filed with the Clerk of the Circuit Court of Kanawha County, West Virginia, a copy of which is attached as **Exhibit C**.

27. Defendants reserve the right to amend this Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

28. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

WHEREFORE, Defendants Wells Fargo Bank, N.A. and U.S. Bank National Association, hereby remove this action to this Court, and pray for such other and further relief as this Court deems appropriate and just.

**WELLS FARGO BANK, N.A. and**
**U.S. BANK NATIONAL ASSOCIATION**


By: ___/s/ Jason E. Manning___
        Of Counsel

John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
Counsel for Defendants Wells Fargo Bank, N.A.
and U.S. Bank National Association
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

**PHILIP MCFARLAND,**

    **Plaintiff,**

  v.                                                  Civil Action No. _____

**WELLS FARGO BANK, N.A.,**
**U.S. BANK NATIONAL ASSOCIATION,**
**GREENTREE MORTGAGE CORPORATION, and**
**CHASE TITLE INC.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2012, I electronically filed the foregoing Notice of Removal with the Clerk of the Court, using the CM/ECF system, and I further certify that a true and correct copy of the foregoing document was sent via first class mail, postage prepaid, to the following counsel of record:

**Counsel for Plaintiff**
Jennifer S. Wagner
Sarah K. Brown
Daniel F. Hedges
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301

    /s/ Jason E. Manning
Jason E. Manning (WV Bar No. 11277)
Counsel for Defendants Wells Fargo Bank, N.A.
and U.S. Bank National Association
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail: jason.manning@troutmansanders.com

20186158v1